**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**
_____

MANZELL SAMPSON,

        Petitioner

v.                                                                 Case No. 06-CV-11261

ANDREW JACKSON,

        Respondent.
_____/

**OPINION AND ORDER DENYING HABEAS CORPUS PETITION
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Petitioner Manzell Sampson has filed a *pro se* petition for the writ of habeas Corpus under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's state convictions for armed robbery and safe breaking. Petitioner alleges that the State failed to disprove his defense of duress. The court agrees with Respondent Andrew Jackson, who filed a responsive pleading through counsel, that Petitioner's habeas claim is precluded from review because duress is not an element of the crimes. Accordingly, the habeas petition must be denied.

**I. BACKGROUND**

Petitioner was charged in Wayne County, Michigan with three counts of armed robbery, one count of safe breaking and one count of possession of a firearm during the commission or attempt to commit a felony (felony firearm). The charges arose from armed robberies at a CVS Pharmacy and Murray's Auto Parts in Detroit. The Michigan Court of Appeals summarized the facts as follows:

On the afternoon of November 25, 2000, defendant entered a CVS Pharmacy at the corner of Seven Mile and Schoenherr in Detroit with a backpack chained and padlocked to his body. Defendant handed the assistant manager a note stating that he was armed, that he had a bomb, and that if the employee did everything that he asked everyone would "live through this." The assistant manager noticed wires hanging from defendant's backpack and believed defendant had a gun in his pocket. Defendant demanded the money from the safe, upon which the assistant manager unlocked the safe but explained to defendant that it would not open until a two-minute timer had run. Defendant then spoke into a walkie-talkie attached to his bag and reported the delay. The assistant manager heard a voice respond, "if it doesn't open up in two minutes, shoot him." When the safe opened, defendant took all the money and lottery tickets that could fit into his briefcase. Defendant told the assistant manager to lie on the floor, then stated "I'm doing this against my will. They're making me do this." Defendant told the manager his name and left the store.

Shortly thereafter, defendant appeared at the Murray's Auto Parts on Gratiot and Van Dyke, wearing the padlocked backpack and an earpiece. The manager of the store testified that defendant handed him a note, which read as follows:

> The person is armed with a bomb to explode if this letter is not complied with. He is also armed with a handgun to shoot and kill upon my orders.
>
> So, don"t turn a robbery into murder. Take this person to the safe. You have 3 to 5 minutes to comply, or you die.

After defendant threatened the manager at gunpoint, the manager surrendered $5,000 from the safe. Upon leaving the store, defendant said, "my name is Manzell Sampson, they're making me do it."

At trial, defendant admitted to committing the robberies but maintained that he did so under duress. Defendant testified that he had stopped at a gas station to put air in his tire when he was approached by a man with a handgun, who forced defendant to drive him to an alley. According to defendant, an accomplice appeared, then the two men chained a backpack to defendant and insisted that he take a plastic gun. Defendant elaborated that the pack smelled of gasoline and had an

2

> electrical wire protruding from it, and that the men told him that it was a remotely controlled bomb. Defendant maintained that his assailants then used a walkie-talkie to direct his entire crime spree, after which defendant went to the police and reported that he had been kidnapped and forced to commit the robberies.

*People v. Sampson*, Nos. 254524 and 254525, 2005 WL 2323824, at *1 (Mich. Ct. App. Sept. 22, 2005).

Following his first trial, Petitioner was convicted of two counts of armed robbery, one count of safe breaking, and one count of felony firearm. The Michigan Court of Appeals reversed those convictions and remanded the case for a new trial because the prosecution inadvertently provided the jury with part of Petitioner's pretrial statement, which had not been admitted in evidence. *See People v. Sampson*, Nos. 239329 and 239330 (slip op.) (Mich. Ct. App. Oct. 2, 2003).

Petitioner's second trial resulted in convictions for three counts of armed robbery, Mich. Comp. Laws § 750.529, and one count of safe robbing, Mich. Comp. Laws § 750.531. The trial court sentenced Petitioner to imprisonment for concurrent terms of ten to twenty years with credit for 942 days.

Petitioner challenged the sufficiency of the evidence in a second appeal of right. The Michigan Court of Appeals construed Petitioner's claim to allege that the jury was obliged to believe his defense of duress and, therefore, the verdict was against the great weight of the evidence. The court of appeals reviewed Petitioner's claim for "plain error affecting substantial rights," because Petitioner had not sought a ruling on his claim from the trial court. The court of appeals affirmed Petitioner's conviction after concluding that the prosecution had carried its burden of disproving Petitioner's

3

affirmative defense. *See Sampson*, 2005 WL 2323824 at *1-2.[1] The Michigan Supreme Court denied leave to appeal on January 30, 2006. *See People v. Sampson*, 708 N.W.2d 417 (Mich. 2006).

Petitioner filed his habeas corpus petition on March 24, 2006. The sole ground for relief reads:

> The evidence presented at appellant's trial was insufficient to show beyond a reasonable doubt that he was not acting under duress at the time of the offenses.

## II. STANDARD OF REVIEW

Petitioner is entitled to the writ of habeas corpus only if he can show that the state court's adjudication of his claim on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application of" clearly

---

[1] The court of appeals remanded the case for the ministerial purpose of having the trial court correct the judgment of sentence to reflect that Petitioner was convicted by a jury.

4

established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

"[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Id.* at 410 (emphasis in original). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409. Section "2254(d) dictates a highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005) (quotation marks and citations omitted).

### III. DISCUSSION

Petitioner's sole claim challenges the sufficiency of the evidence adduced at trial. He did not deny that he committed three robberies and stole money from a safe. His defense was that he committed the crimes under duress.[2] He maintains that the

---

[2] In Michigan,

[a] successful duress defense excuses the defendant from criminal responsibility for an otherwise criminal act because the defendant was compelled to commit the act; the compulsion or duress overcomes the defendant's free will and his actions lack the required [m]ens rea. . . .

The defense of duress is a question for the jury. *People v. McClintic*, 160 N.W. 461 (Mich. 1916). A defendant successfully raises the defense of duress when he presents evidence . . . from which a jury could conclude:

A) The threatening conduct was sufficient to create in the mind of a reasonable person the fear of death or serious bodily harm;

5

prosecution failed to show beyond a reasonable doubt that he was not acting under duress.

### A. *Jackson v. Virginia* and Related Cases

The Supreme Court has held that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). After *Winship,* "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). This "standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* at 324 n.16. Thus, habeas review is limited to elements of the crimes as defined by state law. *Allen v. Redman*, 858 F.2d 1194, 1197 (6th Cir. 1988) (citing *Engle v. Isaac*, 456 U.S. 107 (1982), and *Duffy v. Foltz*, 804 F.2d 50 (1986)).

---

    B) The conduct in fact caused such fear of death or serious bodily harm in the mind of the defendant;

    C) The fear or duress was operating upon the mind of the defendant at the time of the alleged act; and

    D) The defendant committed the act to avoid the threatened harm.

*People v. Luther*, 232 N.W.2d 184, 186-87 (Mich. 1975). "Once a defendant successfully raises the defense, the prosecution has the burden of showing, beyond a reasonable doubt, that the defendant did not act under duress." *People v. Terry*, 569 N.W.2d 641, 645 (Mich. Ct. App. 1997).

"Proof of the nonexistence of all affirmative defenses has never been constitutionally required . . . ." *Patterson v. New York*, 432 U.S. 197, 210 (1977). "[T]here may be crimes where the nature of the *mens rea* would require the Government to disprove the existence of duress beyond a reasonable doubt." *Dixon v. United States*, 126 S. Ct. 2437, 2441 n.4 (2006). However, a state may "assume the burden of disproving an affirmative defense without also designating absence of the defense an element of the crime." *Engle v. Isaac*, 456 U.S. 107, 120 (1982). In other words, "a state may elect to carry the burden of proof with respect to a properly raised defense while insulating that portion of its case from habeas corpus review by expressly not designating the lack of the affirmative defense as an element of the crime." *Allen*, 858 F.2d at 1198. The question then is whether the absence of duress is an element of the offenses for which Petitioner was convicted.

### B. Application

In Michigan, the elements of armed robbery are: "(1) an assault, and (2) a felonious taking of property from the victim's person or presence, while (3) the defendant is armed with a weapon described in the statute." *People v. Allen,* 505 N.W.2d 869, 871 (Mich. Ct. App. 1993). It is clear from this definition of armed robbery that the absence of duress is not an element of the crime.

The statute on safe breaking reads:

> BANK, SAFE AND VAULT ROBBERY--Any person who, with intent to commit the crime of larceny, or any felony, shall confine, maim, injure or wound, or attempt, or threaten to confine, kill, maim, injure or wound, or shall put in fear any person for the purpose of stealing from any building, bank, safe or other depository of money, bond or other valuables, or shall by intimidation, fear or threats compel, or attempt to compel any person to disclose or surrender the means of opening any building, bank, safe, vault

7

> or other depository of money, bonds, or other valuables, or shall attempt to break, burn, blow up or otherwise injure or destroy any safe, vault or other depository of money, bonds or other valuables in any building or place, shall, whether he succeeds or fails in the perpetration of such larceny or felony, be guilty of a felony, punishable by imprisonment in the state prison for life or any term of years.

Mich. Comp. Laws § 750.531. Although the statute requires "an intent to commit the crime of larceny or any felony," absence of duress is not an element. Because neither armed robbery or safe breaking require the prosecution to affirmatively prove absence of duress, the court is precluded from granting relief on the ground that the prosecution failed to disprove the defense of duress.

### C. Certificate of Appealability

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). In deciding to deny the habeas petition, the court has, of course, studied the case record and the relevant law, and concludes that it is presently in the best position to decide whether to issue a COA. *See id.* at 901, (*quoting Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir.1997), overruled in part on other grounds by *Lindh v. Murphy*, 521 U.S. 320 (1997)) ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A

petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Reasonable jurists would not debate the court's assessment of Petitioner's claim because clearly established federal law, as determined by the Supreme Court, demonstrates that his claim is precluded from review.

## IV.  CONCLUSION

The state appellate court's decision affirming Petitioner's convictions did not result in a decision that was contrary to, or an unreasonable application of, Supreme Court precedent.  Accordingly,

IT IS ORDERED that the Habeas Petition [Dkt. # 1] is DENIED.

IT IS FURTHER ORDERED that the court DECLINES to issue a certificate of appealability.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  November 30, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 30, 2007, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\06-11261.SAMPSON.OrderDenyHabeas.wpd
9